# GENERAL SESSIONS.

## NEW YORK, SEPTEMBER, 1823.

$$\textit{The People} \atop \textit{vs.} \atop \textit{Luke Marley.}\Bigg\} \text{MISDEMEANOR.}$$

*Maxwell*, District Attorney, for the Prosecution.
*D. Graham* and *Anthon*, for the Defendant.

Construction of the act " for the more effectual prevention of fires in the city of New York," passed 9th of April, 1823.

The defendant was indicted for erecting a building against the act entitled " an act for the more effectual prevention of fires in the city of New York," passed the 9th of April, 1823.

The building was erected in Elm street.

The line, or fire limits, begins on the East River, and passes through Montgomery street and Canal street, to the Hudson River. The line runs through Elm street, and includes the west side.

It appeared by the testimony of a number of witnesses, that the defendant erected a wooden building at the corner of Elm and Pearl streets. The building was

29 feet by 22, and two stories high. It had been erected by raising a shed of the same dimensions, which had been built a great number of years, about 6 feet, and enclosing and covering it with a roof.

N'W YORK,
Sept. 1823.

The People
v.
Marley.

It appeared by the testimony, that new sills were added; that it covered the same space of ground when raised that it did before ; that the roof was only repaired : that it was raised 6 feet, or at most 7 feet; that before it was only a shed, but that now it was a comfortable *work-shop ;* that its danger was much increased by the addition of a greater quantity of combustible materials, and on account of its height. The question was, whether this was erecting a building within the act.

Riker, Recorder. The evidence is clear, that this building is within the fire limits, as defined by the act. The sole question for the jury to decide is, whether the erection of this building falls within the prohibition intended by the statute. The indictment is framed under the act " for the more effectual prevention of fires," passed 1801, re-enacted in 1813, extended in 1815, and again extended the 9th of April, 1823.

At common law a building of wood might have been erected, and was often erected in cities and towns, until the frequent caution given to the legislature of their dangerous tendency, by numerous fires and conflagrations, that not only destroyed the houses and the property in them, but many valuable lives : to prevent which, the parliament of Great Britain passed several prohibitory statutes. (1 Black. Com. 87.) And by the

legislature in this state by the several statutes before mentioned.

The legislature meant to guard the city against fires. That is the mischief they *intended* to prevent; and it is the duty of the court so to construe the acts of the assembly, as that *intent* may be carried into effect. With this view of the case, we are of opinion, that *any material alteration in the building, any considerable augmentation of it, so as to enlarge its dimensions laterally, or on its sides, is within the meaning, and, therefore, within the act.* If raised a story, as in the case now before the court, it must be done by the addition of combustible materials : the danger is, therefore, increased ; and in the second place, the building is higher than it was before, and, if on fire, not so easily extinguished. We are of opinion, that it is within the act, as it is clearly within the mischief the legislature meant to prevent.

The jury found the defendant *guilty*.